J-S46011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THEODORE RIDGEWAY, | |
| Appellant | No. 3339 EDA 2015 |

Appeal from the PCRA Order Entered October 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0460791-2002
CP-51-CR-0407611-2002
CP-51-CR-0407671-2002
CP-51-CR-0512841-2002
CP-51-CR-0801481-2002

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                     **FILED AUGUST 15, 2016**

Appellant, Theodore Ridgeway, appeals *pro se* from the post-conviction court's October 8, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

Following Appellant's involvement in a 2002 armed robbery spree that lasted several months, a jury convicted him of numerous counts of various offenses, including robbery, conspiracy, possessing an instrument of crime, and carrying a firearm without a license.  Appellant was sentenced on March

---

[*] Retired Senior Judge assigned to the Superior Court.

17, 2004, to an aggregate term of 115½ to 231 years' incarceration. On August 24, 2005, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied his subsequent petition for allowance of appeal on April 4, 2006. *Commonwealth v. Ridgeway*, 885 A.2d 584 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 895 A.2d 1260 (Pa. 2006). Thus, Appellant's judgment of sentence became final on July 3, 2006, at the expiration of the 90-day time-period for seeking review with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

Appellant filed his first, *pro se* PCRA petition on March 16, 2007. After that petition was denied by the PCRA court, this Court affirmed, and our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Ridgeway*, 40 A.3d 180 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 47 A.3d 846 (Pa. 2012).

Appellant filed a second, *pro se* PCRA petition, which underlies the present appeal, on July 2, 2015. On August 19, 2015, the PCRA court issued notice of its intent to dismiss the petition in accordance with Pa.R.Crim.P.

907. Appellant filed a *pro se* response, but on October 8, 2015, the court issued an order denying his petition as being untimely filed. Appellant filed a timely notice of appeal. While the PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, the court issued an opinion on December 14, 2015. Herein, Appellant presents two questions for our review:

> 1. Whether the PCRA court abused its discretion in denying [the] PCRA [p]etition as untimely in light of this Court['s] decision declaring mandatory minimum [sentencing] statutes in Pennsylvania facially unconstitutional in their entirety[,] which implicate[s] the legality of Appellant's sentence of [115½ to 231] years in prison?

> 2. Whether this Court will raise *sua sponte* legality of sentence questions concerning Appellant's illegal[,] unconstitutional sentence of [115½ to 231] years in prison due to the application of the mandatory minimum [sentencing] statutes?

Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by examining the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on July 3, 2006, and thus, his petition filed in July of 2015 is patently untimely under section 9545(b)(1). Consequently, for this Court to have jurisdiction to review the merits of Appellant's underlying claims, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

In this regard, Appellant does not explicitly state what exception he is attempting to plead and prove. Instead, he argues that mandatory minimum sentences imposed in his case, under 42 Pa.C.S. § 9712.1, are

illegal in light of *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and "found beyond a reasonable doubt"), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (holding that 42 Pa.C.S. § 9712.1 is unconstitutional, in its entirety, in light of *Alleyne*). Appellant contends that this Court always has jurisdiction to correct an illegal sentence and, thus, we must do so in his case.

Preliminarily, we acknowledge that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). Arguably, then, Appellant's mandatory minimum sentences, imposed under a now-unconstitutional sentencing statute, are illegal.

However, because Appellant's PCRA petition is *untimely*, we do not have *jurisdiction* to *correct* those illegal sentences unless he pleads and proves the applicability of one of the above-stated timeliness exceptions. *See Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) ("[A]lthough a legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto."); *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) ("[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition."). Presumably, Appellant's

- 5 -

reliance on *Alleyne* and/or *Newman* is an effort to satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii). His attempt to do so, however, fails outright because *Alleyne* was decided on June 17, 2013, and *Newman* was decided on August 20, 2014. Appellant's petition was not filed until July 2, 2015, and, therefore, he clearly has not satisfied the 60-day requirement of section 9545(b)(2).

Nevertheless, we also note that Appellant's reliance on *Alleyne* and/or *Newman* cannot satisfy the 'new constitutional right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abul-Salaam*, 812 A.2d 487 (Pa. 2002), our Supreme Court stated:

> Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501.

Clearly, *Newman* cannot satisfy the requirements of section 9545(b)(1)(iii), as it was not a decision by the United States Supreme Court or the Pennsylvania Supreme Court (and, in any event, it did not announce a new constitutional right). Moreover, in *Commonwealth v. Miller*, 102 A.3d

988 (Pa. Super. 2014), this Court ruled that **Alleyne** does not meet the second requirement of section 9545(b)(1)(iii), stating:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. **Commonwealth v. Phillips**, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), *citing* **Tyler v. Cain**, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also, e.g.*, **Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

*Id.* at 995. Since **Miller**, neither our Supreme Court, nor the United States Supreme Court, has held that **Alleyne** applies retroactively.[1] Thus, **Alleyne** cannot be the basis for application of the timeliness exception of section 9545(b)(1)(iii).

_____

[1] Indeed, in the recent decision of **Commonwealth v. Washington**, __ A.3d __, 2016 WL 3909088 (Pa. filed July 19, 2016) (No. 37 EAP 2015), our Supreme Court held that **Alleyne** does *not* apply retroactively to collateral attacks on mandatory minimum sentences. However, if at some point the United States Supreme Court holds that **Alleyne** *does* apply retroactively to collateral review, Appellant may file a PCRA petition, within 60 days of that decision, asserting the timeliness exception of section 9545(b)(1)(iii).

In sum, because Appellant's PCRA petition is untimely, and he has not satisfied a timeliness exception, we are constrained to conclude that we do not have jurisdiction to correct his illegal sentences. *See Fahy*, 737 A.2d at 222; *Fowler*, 930 A.2d at 592. Thus, we affirm the PCRA court's denial of Appellant's untimely petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2016